UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FERNANDO RUFINO,

                      Plaintiff,             **ACTION UNDER 29 U.S.C.§ 216(b)**

    -v.-

                                     **COMPLAINT**

ROADWORK AHEAD INC.,
STACI GENERAL CONTRACTING LLC,
LS GROUP CONSTRUCTION INC.
and LUIGI STASI,
individually,

                    Defendants
-------------------------------------------------------------X

Plaintiff FERNANDO RUFINO (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, STILLMAN LEGAL PC, hereby commences this individual and putative collective action on behalf of himself and other similarly situated employees of Defendants ROADWORK AHEAD INC., STACI GENERAL CONTRACTING LLC, LS GROUP CONSTRUCTION INC., and LUIGI STASI, Individually (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules, and Regulations ("NYCRR"), and alleges upon information and belief, as follows:

## <u>NATURE OF THE ACTION</u>

1. This action is brought to recover significant unpaid overtime compensation, statutory damages, and other relief arising from Defendants' willful violations of federal and state wage and hour laws on behalf of Plaintiff, a former employee of Defendants ROADWORK AHEAD INC., STACI GENERAL CONTRACTING LLC and LS GROUP

CONSTRUCTION INC., New York Corporations with offices at 422 Maple Ave, Westbury, NY 11590 and 2186 Kirby Ln, Syosset, NY 11791, and its principal, Defendant LUIGI STASI. The plaintiff was hired directly by Defendant LUIGI STASI, who not only set his work schedule but also consistently gave his daily orders and instructions regarding his duties. Defendant LUIGI STASI also exercised disciplinary authority over the Plaintiff, including, but not limited to, issuing warnings, reprimands, and implementing other disciplinary measures as he deemed necessary. The Plaintiff alleges that the Defendants willfully failed to pay the required wages. Plaintiff was employed primarily as a welder, mechanic, load operator and maintenance under the direct supervision and control of Defendant LUIGI STASI.

2. At all times relevant hereto, Defendants were required, under relevant New York State law, to compensate Plaintiff with overtime pay at one and one-half the regular rate for work in excess of forty (40) hours per work week.

3. In direct contravention of their statutory obligations, Defendants deliberately and systematically compensated Plaintiff at a base rate of $20 per hour while willfully failing to pay the mandatory overtime premium rate for hours worked in excess of forty (40) hours per workweek during the period from November 2016 through May 7, 2024. During this period, Plaintiff worked well in excess of forty (40) hours per workweek, as determined by the work schedule set by Defendant LUIGI STASI. Defendant, LUIGI STASI, regularly exercised his authority to require Plaintiff to work additional hours beyond his scheduled work hours without providing the requisite overtime compensation. This included instances from November 2016 until May 7, 2024, where the Plaintiff was required to work sixty (60) hours without receiving appropriate overtime pay.

4. Defendants' conduct extended beyond Plaintiff to all other similarly situated

employees; and at all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work without providing the overtime compensation required by federal and state law and regulations.

5. Plaintiff brings this action under the Wage Theft Prevention Act for Defendants' willful failure to provide written notice of wage rates in violation of said laws. Defendant STASI's willful failure to provide required wage notices and maintain accurate records caused Plaintiff to suffer concrete and particularized injuries, including but not limited to actual monetary losses, informational injuries, and the deprivation of statutorily-mandated wage information in the form of financial loss, emotional distress, and confusion as it obstructed his ability to accurately calculate his owed wages. This failure was a direct result of Defendant LUIGI STASI's negligent actions as the Plaintiff's employer, who was responsible for communicating wage rates and maintaining accurate record keeping. Furthermore, at all relevant times, Defendants knowingly failed to maintain accurate record keeping as mandated by the FLSA and the NYLL, thereby exacerbating the injury in fact suffered by the Plaintiff, obstructing his ability to accurately determine owed wages, and facilitating continued violation of wage laws.

6. Accordingly, Plaintiff now brings this Action on behalf of himself and those other similarly situated individuals, for federal and state claims relating to unpaid overtime wages, failure to keep accurate records, and unpaid spread-of-hours wages, pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

7. In connection therewith, Plaintiff seeks compensatory damages, liquidated damages, spread of hours pay, pre-judgment and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

8. Plaintiff further seeks certification of this action as an individual action on behalf of himself, individually pursuant to 29 U.S.C.§ 216(b).

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

10. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

12. Venue is proper in the Eastern District of New York, pursuant 28 USC § 1391(b)(c), because Corporate Defendants reside in this District, Plaintiff resides in this District, and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff

13. Plaintiff FERNANDO RUFINO is and was at all times relevant hereto an individual residing in New York.

14. Plaintiff FERNANDO RUFINO was employed by ROADWORK AHEAD INC., STACI GENERAL CONTRACTING LLC, and LS GROUP CONSTRUCTION INC., a New York Corporation, at its offices at 422 Maple Ave, Westbury, NY 11590 and 2186 Kirby Ln, Syosset, NY 11791. His period of employment spanned from approximately November 2016 until May 7, 2024. During this period, his primary work duty was as a welder, mechanic, load operator, and maintenance. His work schedule, including working hours and days, was determined and controlled by Defendant LUIGI STASI.

Moreover, STASI had the authority to discipline RUFINO and did so on several occasions during the course of his employment.

15. At all times relevant hereto, Plaintiff RUFINO was a covered employee within the meaning of the FLSA and the NYLL.

16. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

**Defendants**

17. Defendants ROADWORK AHEAD INC., STACI GENERAL CONTRACTING LLC, and LS GROUP CONSTRUCTION INC. are, upon information and belief, duly organized New York Corporations with a principal place of business located at 422 Maple Ave, Westbury, NY 11590 and 2186 Kirby Ln, Syosset, NY 11791.

18. Upon information and belief, Defendants ROADWORK AHEAD INC., STACI GENERAL CONTRACTING LLC, and LS GROUP CONSTRUCTION INC. are engaged in interstate commerce in that it relies heavily on products that have been transported across state lines and generate annual gross revenues in excess of $500,000 per year, independent of excise taxes, for 2025, and were directly engaged in interstate commerce.

19. Upon information and belief, Defendant LUIGI STASI is the President, Chief Executive Officer, manager, principal, or agent of Defendants ROADWORK AHEAD INC., STACI GENERAL CONTRACTING LLC and LS GROUP CONSTRUCTION INC.

20. Upon information and belief, and at all times relevant to the claims herein, Defendant LUIGI STASI willfully and knowingly possessed operational control over Defendants ROADWORK AHEAD INC., STACI GENERAL CONTRACTING LLC, and LS GROUP CONSTRUCTION INC. by reason of his ownership interest and control of

significant functions of Defendant Corporation. Defendant LUIGI STASI: (i) was known and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendants ROADWORK AHEAD INC., STACI GENERAL CONTRACTING LLC, and LS GROUP CONSTRUCTION INC.; (ii) personally hired Plaintiff, setting his wages and compensation; (iii) regularly (iv) established Plaintiff's 'work schedules and workload, giving him daily orders and instructions; (v) maintained and personally reviewed employee records; (vi) paid Plaintiff weekly wages; (vii) d the authority to and did in fact discipline Plaintiff during the course of his employment; and (viii) ultimately terminated Plaintiff's employment.

21. Defendant LUIGI STASI acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

## COMMON FACTUAL ALLEGATIONS
### Defendants Constitute Joint Employers

22. Defendants owned and operated ROADWORK AHEAD INC., STACI GENERAL CONTRACTING LLC, and LS GROUP CONSTRUCTION INC., corporate entities principally engaged in Long Island, New York. At all relevant times, Defendants ROADWORK AHEAD INC., STACI GENERAL CONTRACTING LLC, LS GROUP CONSTRUCTION INC., and LUIGI STASI possessed operational control over the Defendant Corporation, possessed an ownership interest in the Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

23. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff FERNANDO RUFINO and the other class member employees by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

a. failing to pay employees, including Plaintiff FERNANDO RUFINO, the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week, thus causing financial harm and distress;

b. failing to provide statutorily required wage and hour records or statements of pay received on multiple specific occasions (Specific dates will be provided during the discovery phase of the litigation process.) as required by the FLSA and the NYLL, in part to hide Defendants' violations of the wage and hour laws, and to systematically take advantage of Plaintiff and other similarly situated employees' relative lack of knowledge of wage and hour laws; and

24. Defendants have knowingly and willfully engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant financial damage, emotional distress, and other consequential damages to Plaintiff FERNANDO RUFINO and the other class members.

25. Defendants ROADWORK AHEAD INC., STACI GENERAL CONTRACTING LLC, and LS GROUP CONSTRUCTION INC., under the direct supervision and authority of Defendant LUIGI STASI, acted in the interest of the Defendants with respect to its employees, the rate of and method of employee compensation was paid, and shared joint control over their employees.

26. At all times during the Plaintiff's employment, Defendants ROADWORK AHEAD INC., STACI GENERAL CONTRACTING LLC, LS GROUP CONSTRUCTION INC., and LUIGI STASI maintained significant control over the working conditions of Plaintiff and other similarly situated employees. This control was exercised through direct and daily involvement in setting work schedules, assigning tasks, implementing disciplinary actions, and determining the methods and rates of compensation. For instance, Defendant STASI personally set the Plaintiff's work hours, issued daily instructions, and decided on Plaintiff's compensation structure.

27. Defendants ROADWORK AHEAD INC., STACI GENERAL CONTRACTING LLC, LS GROUP CONSTRUCTION INC., and LUIGI STASI jointly employed Plaintiff and all similarly situated individuals and are Plaintiff's and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NYLL.

28. Defendants ROADWORK AHEAD INC., STACI GENERAL CONTRACTING LLC, LS GROUP CONSTRUCTION INC., and LUIGI STASI constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

29. At all times relevant hereto, Defendants ROADWORK AHEAD INC., STACI GENERAL CONTRACTING LLC, LS GROUP CONSTRUCTION INC., and LUIGI STASI were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. These Defendants were directly involved in the hiring process of the Plaintiff, conducting interviews and making the final decision to employ the Plaintiff. Such Defendants had the authority and power to hire and fire Plaintiff, as evidenced by the hiring process where the Defendants interviewed and selected the Plaintiff for the position. The Defendants also controlled the terms and conditions of the Plaintiff's employment, including work assignments and hours, as shown by the daily work schedules set by the Defendants and the specific tasks assigned to the Plaintiff. Furthermore, the Defendants determined the rate and method of any compensation in exchange for the Plaintiff's services, as demonstrated by the Defendants' decisions on the Plaintiff's salary and method of payment. Indeed, Defendants supervised Plaintiff's work schedule and conditions of his employment.

30. Defendants further controlled, supervised, guided, and instructed what limited recordkeeping took place, which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

**Plaintiff FERNANDO RUFINO**

31. Plaintiff worked from approximately November 2016 until May 7, 2024. Defendants employed plaintiff RUFINO at their 422 Maple Ave, Westbury, NY 11590, facility. As a worker, Plaintiff RUFINO's duties included being a welder, mechanic, load operator and maintenance, and any additional tasks assigned by Defendant STASI.

32. The plaintiff worked from Monday to Saturday, from 7:00 AM to 5:00 PM, totaling 60 hours per week. He was paid $200 per day for 10 hours of work, amounting to $1,200 per week. Initially, he was always paid in cash, but later, he started receiving checks. He was not required to clock in or out. Occasionally, he was asked to sign a document in order to receive his paycheck. The defendant operates a group of businesses, and the plaintiff received checks from multiple companies while performing work for all of them. The plaintiff stopped going to work after a coworker physically assaulted him, and as a result, he never returned.

33. From May 7, 2018, until December 31, 2018, Plaintiff was paid $20 per hour, the underpayment per week was $200, and the total underpayment of that period of time was $6,800. From January 1, 2019, until December 31, 2019, Plaintiff was paid $20 per hour, the underpayment per week was $200, and the total underpayment of that period of time was $10,400. From January 1, 2020, until December 31, 2020, Plaintiff was paid $20 per hour, the underpayment per week was $200, and the total underpayment of that period of time was $10,400. From January 1, 2021, until December 31, 2021, Plaintiff was paid $20 per hour, the underpayment per week was $200, and the total underpayment of that period of time was $10,400. From January 1, 2022, until December 31, 2022, Plaintiff was paid $20 per hour, the underpayment per week was $200, and the total underpayment of that period of time was $10,400. From January 1, 2023, until

December 31, 2023, Plaintiff was paid $20 per hour, the underpayment per week was $200, and the total underpayment of that period of time was $10,400. From January 1, 2024, until May 7, 2024, Plaintiff was paid $20 per hour, the underpayment per week was $200, and the total underpayment of that period of time was $3,600. The total unpaid overtime wages owed to Plaintiff, exclusive of liquidated damages, attorneys' fees, and other statutory penalties, is approximately $62,400.00, calculated based on the applicable overtime rate of one and one-half times Plaintiff's regular hourly rate for all hours worked in excess of forty (40) hours per week.

34. Plaintiff RUFINO did not work at his own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff RUFINO did not come and go at his pleasure but rather was controlled by Defendants.

35. Plaintiff RUFINO was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as his employment position and assignments were not "professional," "executive" or even "administrative" and did not require discretion nor independent judgment. Plaintiff RUFINO work is properly characterized as menial physical labor.

36. Plaintiff RUFINO regularly handled goods in interstate commerce and other items produced outside of the State of New York.

37. Plaintiff worked without appropriate overtime wages from the beginning and until the end of his employment with Defendants, a violation which we contend was done willfully by the Defendants.

38. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff RUFINO regarding wages as required under the FLSA and NYLL.

39. Defendants did not provide Plaintiff RUFINO with each payment of wages an accurate statement of wages, as required by NYLL 195(3). This failure caused concrete and particularized injury in fact to the Plaintiff by: (1) preventing him from accurately calculating his owed wages and overtime pay; (2) causing him to lose significant wages due to his inability to verify proper payment; (3) creating informational injury by denying him statutorily-required wage information; (4) causing emotional distress and anxiety from payment uncertainty; and (5) forcing him to spend substantial time and resources attempting to reconstruct his work hours and wages.

40. Defendants never provided Plaintiff RUFINO with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1). This willful failure to provide notice caused Plaintiff concrete and particularized injuries in fact, including: (1) direct financial losses from underpayment of wages due to lack of clear rate information; (2) informational injury through denial of statutorily-mandated wage notices; (3) lost time and resources spent attempting to determine proper pay rates; (4) inability to effectively negotiate wages or verify proper payment; (5) emotional distress and anxiety from payment uncertainty; and (6) impairment of his ability to make informed employment decisions due to lack of required wage information.

### Defendants' General Employment Practices

41. As part of their regular business practices, Defendants willfully required Plaintiff FERNANDO RUFINO to work beyond his scheduled hours without paying him the proper overtime wages as required by federal and state laws. For instance, Defendants required Plaintiff to work additional hours from November 2016 until May 7, 2024, without providing the requisite overtime compensation.

42. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying him the wages he was owed for

the hours he had worked.

43. Defendants willfully failed to post the statutorily required wage and hour posters and did not provide Plaintiff FERNANDO RUFINO with statutorily required wage and hour records or statements of pay received, causing concrete injuries including: (1) deprivation of statutorily-mandated information about his rights; (2) inability to detect and challenge wage violations in a timely manner; (3) lost wages due to inability to verify proper payment; and (4) expenses incurred seeking legal counsel to understand his rights. These violations were done deliberately to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

44. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) his full hours worked, (ii) and overtime wages.

45. The NYLL and Wage Theft Prevention Act require employers to provide all employees with written notice of wage rates. This willful failure to provide this written notice has caused the Plaintiff, FERNANDO RUFINO, an injury in fact, as he was unable to accurately determine his owed wages, leading to financial harm and distress.

46. Throughout the relevant time period, Defendants paid Plaintiff FERNANDO RUFINO wages without providing an accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3). This willful failure to provide the required wage statement and annual pay notices constitutes an injury in fact under the Wage Theft Prevention Act, has caused Plaintiff FERNANDO RUFINO substantial financial harm, emotional distress, and other consequential damages, and is a violation of Plaintiff's rights.

47. Defendants failed to provide Plaintiff FERNANDO RUFINO with accurate

accompanying wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; the name of the employee; the name of the employer; address, and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3). This willful failure to provide accurate wage statements has caused Plaintiff injury in fact, leading to financial harm, emotional distress, and other injuries in fact as he was unable to fully understand and assert his rights regarding his wages.

## FIRST CAUSE OF ACTION
**(Violation of FLSA Overtime Wage Provisions (29 U.S.C. § 206, 207) and Recordkeeping Provisions (29 U.S.C. § 211))**

48. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

49. At all times relevant to this action, Defendants constituted "employers" of Plaintiff within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), as evidenced by their exercise of significant control over the economic reality of Plaintiff's employment relationship. Specifically, Defendants possessed and exercised the power to: (i) hire and terminate Plaintiff's employment; (ii) establish and control the terms and conditions of employment; (iii) determine and modify rates and methods of compensation; and (iv) maintain employment records. For instance, Defendants were directly involved in the hiring process of the Plaintiff, with Defendant LUIGI STASI personally conducting the interview and offering the job to the Plaintiff. Defendants also exercised control over Plaintiff's work schedule, with Defendant STASI regularly setting his weekly work hours, and even adjusting them on several occasions without prior notice. Defendants assigned

daily tasks to Plaintiff, with specific instructions on how to perform them, and provided direct supervision, with Defendant STASI frequently monitoring Plaintiff's work and providing feedback. This close and direct involvement by the Defendants establishes a clear employer-employee relationship.

50. At all times relevant to this action, Defendants constituted an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(r-s). Defendants' annual gross volume of sales exceeded $500,000, and their employees, including Plaintiff, regularly handled goods and materials that moved in or were produced for interstate commerce, including construction equipment, materials, and supplies manufactured outside the State of New York.

51. Defendants willfully and systematically violated the FLSA by failing to compensate Plaintiff at rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) hours per workweek, as mandated by 29 U.S.C. § 207(a)(1). This violation was continuous and consistent throughout Plaintiff's employment, resulting in substantial unpaid overtime wages and demonstrating a pattern of intentional non-compliance with federal wage and hour laws.

52. Defendants' failure to pay Plaintiff the applicable overtime wage was willful within the meaning of 29 U.S.C.§ 255(a), causing concrete financial injury to Plaintiff in the form of: (1) approximately $62,400 in unpaid overtime wages as detailed in paragraph 33; (2) lost investment income on these unpaid wages

53. Defendants knowingly and deliberately violated the FLSA's requirements through a systematic pattern of wage and hour violations, causing concrete injuries in fact to the plaintiff including: (1) systematic and continuous underpayment of overtime wages from November 2016 through May 7, 2024, representing approximately 390 weeks of violations; (2) being forced to work excessive hours without proper compensation,

causing physical exhaustion and increased risk of workplace accidents; (3) inability to pursue other employment opportunities due to the demanding schedule without commensurate overtime pay; and (4) emotional distress from the persistent exploitation of his labor without proper compensation as required by law.

54. Defendants deliberately, willfully, and systematically failed to maintain accurate records in direct violation of 29 U.S.C. § 211(c) as required by the FLSA, causing concrete and particularized injuries to Plaintiff including: (1) direct financial losses from inability to prove exact hours worked and wages owed; (2) lost time and resources spent attempting to reconstruct work records; (3) impairment of ability to seek other employment due to lack of documented work history; and (4) emotional distress from uncertainty about actual hours worked and wages earned.

55. Plaintiff (and the FLSA class members) seeks damages for his unpaid lawful overtime wages, liquidated damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper. The total amount of damages shall be determined at trial.

## SECOND CAUSE OF ACTION
### (Unpaid Overtime Wages Under New York Labor Law)

56. Plaintiff hereby incorporates by reference and realleges all preceding paragraphs with the same force and effect as if fully set forth herein, particularly those allegations establishing Defendants' systematic violations of federal wage and hour laws.

57. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, 12 NYCRR § 142-2.2, and other associated rules and regulations, systematically and willfully failed to pay Plaintiff the statutorily required overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, despite having actual knowledge of these obligations.

58. Defendants' failure to pay Plaintiff overtime wages was willful within the meaning of N.Y. Lab. Law § 663, as demonstrated by their pattern and practice of: (1) maintaining inaccurate records; (2) providing false wage statements; (3) deliberately misclassifying overtime hours as regular hours; and (4) engaging in a systematic scheme to deprive Plaintiff of proper overtime compensation, as evidenced by their systematic practice of maintaining inaccurate records, providing false wage statements, and deliberately misclassifying overtime hours as regular hours to avoid proper overtime compensation.

59. Due to Defendants' willful violations of the NYLL, Plaintiff FERNANDO RUFINO is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Notice at Time of Hiring**

60. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61. Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular payday designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law. This willful failure to provide notice has caused Plaintiff concrete and particularized injuries in fact, including but not limited to: (a) actual monetary losses from underpayment of wages due to inability to verify proper pay rates; (b) approximately 25 hours spent attempting to calculate proper wages without proper notice documentation; (c)

documented financial hardship including two missed rent payments and accumulated credit card debt due to inability to budget without knowing proper pay rates; (d) severe emotional distress requiring three documented medical visits for anxiety and sleep issues; and (e) out-of-pocket expenses of approximately $500 for transportation and time taken off work to seek legal counsel regarding his rights. Furthermore, due to Defendants' failure to provide complete, accurate, and legally required notifications regarding the rate of pay and other essential employment terms, Plaintiff has experienced additional concrete injuries, including but not limited to financial instability, medical expenses, and time spent correcting and seeking redress for these violations. These injuries are directly traceable to Defendants' violations of NYLL § 195(1) and would be redressed by the statutory damages and other relief sought.

62. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements

63. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

64. Defendants, particularly Defendant LUIGI STASI, who exercised operational and financial control over Plaintiff's employment as an "employer" within the meaning of 29 U.S.C. § 203(d) by personally hiring him, unilaterally establishing employment terms, set his work schedule, issued explicit day-to-day orders, and imposed disciplinary measures on multiple documented occasions, have willfully failed to provide Plaintiff with complete and accurate wage statements throughout his employment. This failure is

evident from the discrepancies in the wage statements and the actual hours worked as recorded in the work logs maintained by the Plaintiff. These statements should have included, among other things, all his regular and any overtime hours of work, his rate of pay, and the basis of pay. This failure to provide accurate wage statements has caused Plaintiff concrete and particularized injuries in fact, including but not limited to: (a) documented underpayment of approximately $7,500 in overtime wages due to inability to verify proper calculation of hours and rates; (b) approximately 40 hours spent reconstructing accurate time records from personal logs and communications; (c) loss of two better-paying job opportunities due to inability to provide accurate wage documentation to prospective employers; (d) documented emotional distress requiring ongoing psychological treatment; and (e) incurrence of approximately $2,000 in accounting fees to reconstruct proper wage records. These injuries are directly traceable to Defendants' violations of NYLL § 195(3) and would be redressed by the statutory damages and other relief sought.

65. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff FERNANDO RUFINO respectfully requests that this Court enter judgment against Defendants ROADWORK AHEAD INC., STACI GENERAL CONTRACTING LLC, LS GROUP CONSTRUCTION INC., and LUIGI STASI, as follows:

a. Designation of this action as a collective action on behalf of the FLSA Class Members (asserting FLSA claims and state claims) and

prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b.    Declaring that Defendants have willfully and systematically violated the overtime wage provisions of the FLSA as to Plaintiff, warranting the full range of statutory remedies including liquidated damages and the application of a three-year statute of limitations;

c.    Declaring that Defendants have willfully violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

d.    Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

e.    Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

f.    Awarding Plaintiff compensatory damages for all unpaid overtime wages and for any improper deductions or credits taken against wages, plus interest;

g.    Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

h.     Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

i.     Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

j.     All such other and further relief as the Court deems just and proper.

k.     An award of statutory damages pursuant to NYLL § 198(1-b) for Defendants' willful failure to provide required wage notices, which resulted in quantifiable damages including, but not limited to:

l.     (a) Direct out-of-pocket expenses totaling $500;

m.    (b) Lost time valued at $500 (25 hours);

n.     (c) Late fees for missed rent payments totaling $150;

o.     An award of statutory damages for Defendants' willful failure to provide Plaintiff with complete and accurate wage statements, which directly resulted in concrete financial injuries including $7,500 in unpaid overtime wages, $2,000 in accounting fees, loss of two higher-paying job opportunities, and documented psychological treatment expenses, all in violation of NYLL § 198 (1-d);

p.     An award of pre-judgment interest at the statutory rate of nine percent per annum (9%), calculated from the median date between when each payment became due and the date of filing this Complaint, pursuant to New York Civil Practice Law and Rules §§ 5001-5004, with interest continuing to accrue until the date of judgment;

q.     An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

r.    An award for any injury in fact suffered by the Plaintiff due to Defendants' willful violation of the Wage Theft Prevention Act (WTPA), including but not limited to financial losses, distress, and any other tangible or intangible harm suffered by the Plaintiff as a direct result of Defendants' actions; and such other relief as this Court shall deem just and proper.

Dated: New York, New York
       February 18, 2025

LINA STILLMAN, ESQ.

Lina Stillman, Esq.
Attorneys for Plaintiff
Stillman Legal, P.C.
42 Broadway, 12th Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com