UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FERNANDO RUFINO,                                    Case No. 2:25-cv-00928(GRB)(ARL)

                              Plaintiff,

        -v.-
                                                            **ANSWER**

ROADWORK AHEAD INC.,
STACI GENERAL CONTRACTING LLC,
LS GROUP CONSTRUCTION INC.
and LUIGI STASI,
Individually,

                              Defendants.
-----------------------------------------------------------------X

        Defendants Roadwork Ahead, Inc., ("Roadwork"), Stasi General Contracting, LLC

incorrectly sued herein as (s/h/a) Staci General Contracting LLC (herein "SGC"), LS Group

Construction Inc., ("LS Group") and Luigi Stasi ("Mr. Stasi") (collectively herein "Defendants")

by their attorneys, Hollander Law Group, PLLC, as and for an Answer to the Complaint herein

respond as follows:

        1.      Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs 2, 7, 8, 9, 10, 11, 12, 13, 15, 16, 18, 19, 20, 20(i), 20(ii), 20(iii),

20(iv), 20(v), 20(vi), 20(vii), 20(viii), 31, 32, 35, 36, 55, 58, 59, 61(a), 61(b), 61(c) 61(d), and

61(e) of the Complaint.

        2.      Deny the allegations contained in paragraphs 3, 4, 21, 22, 23, 23(a), 23(b), 24, 25,

26, 27, 28, 29, 30, 34, 37, 38, 39, 39(1), 39(2), 39(3), 39(4), 39(5), 40, 40(1), 40(2), 40(3), 40(4),

40(5), 40(6), 41, 42, 43, 43(1), 43(2), 43(3), 43(4), 44, 44(i), 44(ii),  46, 47, 49, 49(i), 49(ii), 49(iii),

49(iv), 50, 51, 52, 52(1), 52(2), 53, 53(1), 53(2), 53(3), 53(4), 54, 54(1), 54(2), 54(3), 54(4), 56,

62, 64, 64(a), 64(b), 64(c), 64(d), 64(e), and 65 of the Complaint.

1

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint except admit that Roadwork and LS Group maintain an office address at 2186 Kirby Ln, Syosset NY 11791 and deny that Defendants willfully failed to pay the required wages.

4.      Deny the allegations contained in Paragraphs 5 and 6 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegation of why Plaintiff brings this action.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 except admit that Roadwork and LS Group maintain an office address at 2186 Kirby Ln, Syosset NY 11791.

6.      Deny the allegations in paragraph 17 of the Complaint except admit that Roadwork and LS Group are duly organized New York Corporations with an office address at 2186 Kirby Ln, Syosset, NY 11791.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and deny that Plaintiff is owed any unpaid overtime wages, exclusive of liquidated damages, attorneys' fees, and other statutory penalties.

8.      Deny the allegations in paragraph 45 of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the Wage Theft Prevention Act.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and deny the allegations that Defendants acted willfully.

10.      Deny the allegations in Paragraph 61 of the Complaint and deny knowledge or

information sufficient to form a belief as to the truth of the allegations of Plaintiff's experiences.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

11. The answering Defendants claim all of the defenses, rights and immunities afforded by the Fair Labor Standards Act ("FLSA"), 29 U.S.C §201 et sq., and Articles 6 and 9 of the New York Labor Law ("NYLL").

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

12. Defendants repeat and reallege each and every allegation contained in paragraph "11" of this Answer with the same force and effect as if fully set forth at length herein.

13. Defendants are not "employers" within the meaning of the statutes referred to in the Complaint.

14. By reason of the foregoing, Plaintiff's Complaint fails to state one or more claims upon which relief can be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15. Defendants repeat and reallege each and every allegation contained in paragraph "11" through "14" of this Answer with the same force and effect as if fully set forth at length herein.

16. The Court does not have and/or should not exercise supplemental jurisdiction over State Law claims alleged by the Plaintiff and the claims of those who are allegedly similarly situated.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17. Defendants repeat and reallege each and every allegation contained in paragraph "11" through "16" of this Answer with the same force and effect as if fully set forth at length herein.

3

18. Any claim for Liquidated damages must be denied because Defendants did not willfully violate any law with respect to Plaintiff, and any actions taken by the Defendants regarding the Plaintiff were taken in good faith, and not taken wantonly, with malice, in bad faith and/or with reckless indifference to Plaintiff's protected rights under New York State or Federal Law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

19. Defendants repeat and reallege each and every allegation contained in paragraph "11" through "18" of this Answer with the same force and effect as if fully set forth at length herein.

20. Upon information and belief, Plaintiff was properly compensated for all hours worked in excess of 40 hours in any particular workweek at a rate not less than that required by the overtime provisions of the FLSA and New York Labor Law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

21. Defendants repeat and reallege each and every allegation contained in paragraph "11" through "20" of this Answer with the same force and effect as if fully set forth at length herein.

22. Defendants deny that they owe any unpaid wages or other amounts to Plaintiff but if it is determined that such monies are owed, none of the alleged violations of the FLSA were willful.

### AS AND FOR SEVENTH AFFIRMATIVE DEFENSE

23. Defendants repeat and reallege each and every allegation contained in paragraph "11" through "22" of this Answer with the same force and effect as if fully set forth at length herein.

24. Defendants deny that they owe any unpaid wages or other amounts to Plaintiff but if it is determined that such monies are owed, Defendants' action were not taken with knowledge

4

that such actions were in violation of the law, nor were the actions taken in reckless disregard for whether their actions violated the law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25. Defendants repeat and reallege each and every allegation contained in paragraph "11" through "24" of this Answer with the same force and effect as if fully set forth at length herein.

26. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, unclean hands and/or waiver.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27. Defendants' repeats and realleges each and every allegation contained in paragraph "11" through "26" of this Answer with the same force and effect as if fully set forth at length herein.

28. Defendants did not suffer or permit Plaintiff to work any unpaid overtime.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

29. Defendants repeat and reallege each and every allegation contained in paragraph "11" through "28" of this Answer with the same force and effect as if fully set forth at length herein.

30. Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

31. Defendants repeat and reallege each and every allegation contained in paragraph "11" through "30" of this Answer with the same force and effect as if fully set forth at length herein.

5

32.     The allegations of Plaintiff's Complaint are insufficient to warrant an award of attorney's fees.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

33.     Defendants repeat and reallege each and every allegation contained in paragraph "11" through "32" of this Answer with the same force and effect as if fully set forth at length herein.

34.     Upon information and belief, Defendants complied with all the recordkeeping requirements of the FLSA and New York State Labor Law.

35.     Based on the foregoing, defenses to the causes of action alleged in the Complaint exist based upon documentary evidence and, therefore, said causes of action must be dismissed.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

36.     Defendants repeat and reallege each and every allegation contained in paragraph "11" through "35" of this Answer with the same force and effect as if fully set forth at length herein.

37.     Plaintiff's claims are barred in whole, or in part, by the FLSA's statute(s) of limitations and/or the statute(s) of limitations applicable to the Plaintiff's State law claims.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

38.     Defendants repeat and reallege each and every allegation contained in paragraph "11" through "37" of this Answer with the same force and effect as if fully set forth at length herein.

39.     Plaintiff's claim and the allegations of individuals who are allegedly similarly situated are barred, in whole or in part, because they were compensated for all regular and overtime

hours and not less than that required by the overtime provisions of the FLSA and New York Labor Law.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

40.     Defendants repeat and reallege each and every allegation contained in paragraph "11" through "39" of this Answer with the same force and effect as if fully set forth at length herein.

41.     Upon information and belief, Plaintiff's claim and the allegations of individuals who are allegedly similarly situated are barred, in whole or in part, because they were provided with wages statement and wage notice in compliance with New York State Labor Law.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

42.     Defendants repeat and reallege each and every allegation contained in paragraph "11" through "41" of this Answer with the same force and effect as if fully set forth at length herein.

43.     The Complaint is barred, in whole or in part, because Defendants cannot be liable for failure to pay compensation for activities that were not part of Plaintiff's workday, or the workdays of others who are purportedly similarly situated to Plaintiff.

**AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE**

44.     Defendants repeat and reallege each and every allegation contained in paragraph "11" through "43" of this Answer with the same force and effect as if fully set forth at length herein.

45.     The Complaint is barred, in whole or in part, because Defendants acted in good faith and with the reasonable belief that they fully complied with the Fair Labor Standards Act and New York State Labor Law.

**WHEREFORE,** Defendants Roadwork Ahead, Inc., ("Roadwork"), Stasi General Contracting, LLC (incorrectly sued herein as (s/h/a)) Staci General Contracting LLC (herein "SGC"), LS Group Construction Inc., ("LS Group") and Luigi Stasi ("Mr. Stasi") demand judgment dismissing the Complaint in its entirety, together with costs and disbursements of this action, together with such other and further relief as this Court may deem just and proper.

Dated: Great Neck, New York
    April 11, 2025

> **HOLLANDER LAW GROUP, PLLC**
> *Attorneys for Defendants Roadwork Ahead, Inc.,*
> *Stasi General Contracting, LLC s/h/a Staci General*
> *Contracting LLC, LS Group Construction Inc., and*
> *Luigi Stasi*
>
>
> By: */s/ Thanbir Ahmed*
>     Thanbir Ahmed
> 84 Withers Street, 4th Floor
> Brooklyn, New York 11211
> (516) 498-1000